UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

LUCILLE DRAYTON,

  Plaintiff,

CASE NO.:

-VS-

CONVERGENT OUTSOURCING, INC.,

  Defendant.
_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.    The alleged violations described in the Complaint occurred in Shelby County, Tennessee.

## FACTUAL ALLEGATIONS

4.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

5.    Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Memphis, Shelby County, Tennessee.

6.    Plaintiff is an "alleged debtor."

1

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a company with its principal place of business at 800 SW 39th Street, Renton, Washington, 98057.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

12. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (901) 270-2864, and was the called party and recipient of Defendant's above described calls.

14. Plaintiff has never provided Defendant with her aforementioned cellular telephone number, nor has she ever provided verbal or express consent for Defendant to call her aforementioned cellular telephone number.

15. In or about September of 2013, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt from an individual unknown to her. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (901) 291-1671.

16. Immediately upon receipt of the calls, Plaintiff received the Defendant's automated message asking for a call back, called the Defendant back at (901) 291-1671, spoke

with an agent/representative of Defendant, and informed them that they had the wrong number, that she was not the individual for who they were calling, that she did not know the individual for her they were calling, and demanded that Defendant stop calling her aforementioned cellular telephone number.

17. During the Plaintiff's initial conversation with the agent/representative of Defendant, Defendant investigate records for the Plaintiff's full name, and aforementioned telephone number, and informed the Plaintiff that neither her name nor number was in Defendant's "system," and that they did not know why Defendant was calling Plaintiff's aforementioned cellular telephone number.

18. During the aforementioned telephone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

19. Despite actual knowledge that they were calling the wrong phone number, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

20. On at least four separate occasions, Plaintiff spoke with an agent/representative of the Defendant in an attempt to be removed from the call list, demanding the Defendant cease to call her aforementioned cellular telephone number.

21. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

22. From approximately September of 2013 through the filing of this Complaint, Defendant placed approximately two-hundred (200) automated calls to Plaintiff's

aforementioned cellular telephone on a daily basis (or as will be established after a thorough review of Defendant's records), despite being informed they had the wrong number. [Please see attached **Exhibit "A"** representing a non-exclusive sampling of calls from September 10, 2014 through September 26, 2014.]

23. By Defendant continuing to call the Plaintiff, despite being informed by the Plaintiff that she did not know the individual for whom they were calling, Plaintiff believed that Defendant thought she was lying, and that the only way to stop the harassing calls was to pay the alleged debt.

24. Upon information and belief, the telephone calls were placed using automated telephone dialing equipment and/or a pre-recorded message, without human intervention.

25. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

26. Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

27. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's aforementioned cellular telephone number in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

31. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

32. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

33. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

34. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

35. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

36. Defendant violated the TCPA with respect to the Plaintiff.

37. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

39. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

40. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

41. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

42. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

43. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

45. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(6) by calling the Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

46. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which she does not owe.

47. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Mark A. Lambert*
**Mark A. Lambert (BPR No.: 22509)**
Morgan & Morgan, P.A.
40 S. Main Street, Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
mlambert@forthepeople.com
Attorney for Plaintiff

*And*

*/s/Amanda J. Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff
Application for Admission *Pro Hac Vice* Pending